SUSAN G. KUMLI
Acting Regional Solicitor
ANDREW J. SCHULTZ
Counsel for Wage and Hour
KATHERINE E. CAMERON (WA #41777)
Senior Trial Attorney
NISHA PAREKH (CA #318393)
ADRIANA E. AHUMADA (CA #274295)
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104-2397
Telephone: (206) 757-6760
Cameron.Katherine.E@dol.gov
*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH[1],<br>Secretary of Labor,<br>United States Department of Labor,<br><br>                      Plaintiff,<br>  v.<br><br>KP POULTRY, INC., et al.,<br>                      Defendants. | Case No. 2:19-cv-03546-TJH-PLAx<br><br>**CONSENT JUDGMENT AS TO DEFENDANTS KP POULTRY, INC. AND KEVIN TRUONG ONLY [147]**<br><br>Hon. Terry J. Hatter<br><br>Final Pre-Trial Hearing:<br>December 6, 2021 |

//

//

---

[1] Secretary Martin J. Walsh was sworn in as Secretary of the Department of Labor on March 23, 2021. Pursuant to Fed. R. Civ. P. 25(d), the case caption has been changed to reflect his designation.

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, and Defendants KP Poultry, Inc. and Kevin Truong (collectively the "Parties"), have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Injunction ("Consent Judgment") as provided below.

## STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES

A. The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5). Defendants filed Answers to the Complaint.

B. Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this civil action and that venue lies in the Central District of California.

C. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

D. Defendants agree herein to resolve all allegations of the Secretary's Complaint and First Amended Complaint.

E. Defendants admit that they have violated Section 6 of the FLSA, 29 U.S.C. § 206, by employing employees identified on Exhibit 1 at wage rates less than the applicable minimum wage.

F. Defendants admit that they have violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay overtime to employees identified on Exhibit 1 who worked more than 40 hours in a work week. Defendants admit that employees regularly worked after 2:30 p.m. on weekdays and worked on Saturdays and Sundays. Defendants admit that the wages paid to employees in cash and company bank account check were not paid at an overtime rate of one and half times the particular employee's regular hourly rate for hours in excess of 40 hours in a

workweek.

G. Defendants admit that they have violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. § 211 and 215(a)(5), by failing to keep accurate records of hours worked by employees identified on Exhibit 1. Defendants admit that employees regularly worked more hours than reflected in timesheets and that Defendants did not record the total number of hours worked by employees in each workweek.

H. Defendants admit that they have violated Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

I. Defendants represent that they and all individuals and entities acting on their behalf or at their direction and any individual, entity, or corporation with ownership or managerial authority over Defendants have notice of, and understand, the provisions of this Consent Judgment.

**JUDGMENT AND PERMANENT INJUNCTION**

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with it, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Contrary to Sections 6 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the operative minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the

FLSA).

2. Contrary to Sections 7 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek.

3. Contrary to Sections 11(c) and 15(a)(5) of the FLSA, failing to make, keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employee's earnings along with a description of the basis/reason and method of calculation of the deduction;

4. Contrary to Section 15(a)(3) of the FLSA, discharging; threatening to discharge, lay off, reduce the work schedule or wages, intimidate; failing to hire; in any other manner discriminating against any employee as a result of this litigation or because such employee has filed any complaint under or related to the FLSA or has spoken or provided information to the Secretary's representatives in connection with this litigation or participated in or received a distribution from the proceeds of this action; or taking any other action to deter employees from asserting their rights under the FLSA or to interfere with any U.S. Department of Labor investigation of wage or other violations.

5. Requesting, soliciting, suggesting, or coercing, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for

CONSENT JUDGMENT AS TO KP POULTRY AND KEVIN TRUONG
Case No. 2:19-cv-03546-TJH-PLAx                                                                                              Page 4

wages previously due or to become due in the future to said employee under the provisions of this judgment, or the FLSA; or accepting or receiving from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to the employee under the provisions of this Consent Judgment or the FLSA..

6. Jointly and severally, withholding payment of $100,000.00, which constitutes the back wages found to be due by the Defendants under the FLSA to the employees, who are identified by name, periods of employment, and amounts owed in Exhibit 1, which is incorporated in and made part of this Consent Judgment and will be filed by the Secretary within 14 days of entry of this Consent Judgment.

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the FLSA, in favor of the Secretary as a judgment owed to the United States of America and against Defendants, jointly and severally, in the total amount of $200,000.00 which is comprised of $100,000.00 in unpaid minimum wage and overtime compensation owed by Defendants and pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, an additional equal amount as liquidated damages of $100,000.00. Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

7. Defendants, jointly and severally, owe and shall pay $100,000.00 in minimum wage and overtime pay hereby due under the FLSA and this Judgment to individuals on Exhibit 1, which is incorporated in and made part of this Consent Judgment. Additionally, Defendants, jointly and severally, owe and shall pay of liquidated damages in the amount of $100,000.00, which are hereby due under the FLSA and this Judgment to individuals on Exhibit 1. The first payment in the amount of $80,000.00 is due within 30 days of the entry of this Consent Judgment. The balance of the judgment amount ($120,000.00) shall be delivered on or before the date the payment is due as set forth in Exhibit 2, which is incorporated in and

made part of this Consent Judgment. Defendants may make the payments required by this Consent Judgment (back wages, and liquidated damages, plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". Payments shall reference BW Case Number #1830788. Alternatively, Defendants may deliver payments using cashier's check made out to "U.S. Dept. of Labor/Wage & Hour Division" and listing BW Case Number #1830788 on the face of the check, to: United States Department of Labor/Wage & Hour Division, Attn: Back Wage Unit, Daniel Pasquil District Director, 100 N. Barranca Street, Suite #850, West Covina, California 91791.

8. In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary, Defendants' home addresses, and to Defendants' attorneys at: Ray Hsu, Esq., Law Offices of Ray Hsu & Associates, P.C., 801 S. Garfield Ave., Suite 101, Alhambra, CA 91801. In the event Defendants fail to make a payment within ten days of a due date set forth on the payment plan in Exhibit 2, and are not otherwise up-to-date on the total owed under this Consent Judgment, or in the event Paragraph 10 of this Consent Judgment is triggered, then Defendants consent to the entry of a Writ of Execution, pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Secretary may seek such a writ at any time after the entry of this Consent Judgment and may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish a complete and accurate list of their real,

personal, and business property with an estimated value of $2,000.00 or more and the locations of such property for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

9. The Secretary shall distribute the proceeds from the settlement payments described in paragraph 7 in the amounts set forth in Exhibit l, less deductions for employees' share of social security and withholding taxes on the back wage amounts, to the employees identified therein, or if necessary, to the employees' estates. Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of the settlement payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

10. In agreeing to the monetary terms of this Consent Judgment, the Secretary has relied on the financial documents and information Defendants have provided to the Secretary, including financial declarations, tax returns, and bank statements. All of the documents and information that Defendants have provided to the Secretary concerning Defendants' finances (including, without limitation, those provided through Defendants' counsel) are collectively referred to herein as "Defendants' Financial Representations." Defendants acknowledge that the Secretary has relied on the accuracy and authenticity of Defendants' Financial Representations in agreeing to the monetary provisions of this Consent Judgment. On or about May 26, 2021, the Secretary provided Defendants a statement of the total amount of back wages and liquidated damages calculated by the Secretary as due in this litigation for the period of October 1, 2015 through December 31, 2018 (this total amount is referred to herein as the "Calculated Amount"), the period of time Defendants operated. The Secretary and Defendants agree that if at any future time there is a judicial determination that Defendants' Financial Representations are materially inaccurate or false, and that Defendants knew or should have known

before executing this Consent Judgment that the Defendants' Financial Representations were inaccurate or false, the monetary damages due shall be amended by operation of this Consent Judgment from $200,000.00 plus interest to the full Calculated Amount plus interest, and the full Calculated Amount shall become immediately due to the Secretary. Defendants agree that upon the Secretary's reasonable belief that Defendants' Financial Representations were materially false or inaccurate, the Secretary has the right to seek a determination from this Court as to the inaccuracy or falsity of Defendants' Financial Representations, Defendants' knowledge and constructive knowledge thereof, and the materiality or the inaccuracy or falsity of those representations. Defendants further agree that the United States District Court for the Central District of California has jurisdiction and that venue is proper in that judicial district for any litigation concerning the provisions of this Paragraph of the Consent Judgment. Defendants further waive any statute of limitations defense that may otherwise bar the Secretary's ability to obtain relief under this Paragraph of the Consent Judgment. For the purposes of this Paragraph of the Consent Judgment, Defendants waive any challenge to the merits of the Calculated Amount, and agree that the inquiry before the Court under this Paragraph of the Consent Judgment shall be limited to whether Defendants' Financial Representations were inaccurate or false, their knowledge and constructive knowledge thereof, and the materiality of the inaccuracy or falsity of the representations. Defendants agree that the provisions of this Paragraph of the Consent Judgment do not limit the ability of the United States, including any of its agencies or departments, to seek any other relief, or to seek relief in another court or venue, concerning any inaccuracy or falsity in Defendants' Financial Representations.

11. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way directly or indirectly, demand, require or accept any of the back wages or

CONSENT JUDGMENT AS TO KP POULTRY AND KEVIN TRUONG
Case No. 2:19-cv-03546-TJH-PLAx                                                                                       Page 8

liquidated damages from the individuals listed on the operative Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

12. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts their rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

13. Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this judgment, shall amend and maintain their payroll practices as follows:

    a. Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including, for each employee (1) all hours worked by each workday and workweek, including all pre- and post-shift work such as maintaining clothing, tools, and supplies, and donning and doffing; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the number of pieces completed by each workday and workweek, if employee is paid per piece; (4) the total weekly straight-time earnings due for the hours worked during the workweek; (5) the total premium pay for overtime hours; and (6) the dollar value of all equipment, tools, clothing, and supplies paid for and used in or specifically required for the employee's work.

    b. Defendants shall record all wages paid to employees, regardless of the manner of payment, on its payroll records.

CONSENT JUDGMENT AS TO KP POULTRY AND KEVIN TRUONG
Case No. 2:19-cv-03546-TJH-PLAx                                                                                           Page 9

      c.      Within 14 days after resuming or commencing operations, Defendants shall inform all supervisors and managers of requirements of this Consent Judgment and shall provide a copy of this Consent Judgment (excluding Exhibits 1 and 2) to all supervisors and managers.

      d.      Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked.

      e.      Defendants shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors and payroll providers to encourage workers to report all hours worked.

14.     If Defendants choose to calculate pay through any type of individual production-based system, such as a piece rate system, Defendants shall provide the following written notice to piece rate employees upon hire and shall place the notice prominently around the workplace. The notice shall be translated into Spanish and Vietnamese and shall read as follows:

"Employees who are paid on a piece rate still get overtime payments. You are entitled to advance notice of any piece rate payment, including exactly how the piece rate is calculated. You are entitled to advance notice if your employer makes any change to the piece rate payment. You are entitled to an individual piece rate and cannot be required to accept a group piece rate. If you work more than 40 hours in a seven day work week, you are entitled to a half time overtime premium. Your regular piece rate payment does NOT include overtime, but it does include straight time pay for all hours worked. If you work more than 40 hours in a work week, your employer must pay you an EXTRA half time premium for overtime, above and beyond your piece rate. For example, if you work 50 hours in a work

CONSENT JUDGMENT AS TO KP POULTRY AND KEVIN TRUONG
Case No. 2:19-cv-03546-TJH-PLAx                                                                                    Page 10

week and you earned $1000 from your piece rate work, your employer must pay you $100 in overtime. This amount is determined by taking your $1000 pay and dividing it by the 50 hours you worked to get $20 per hour. $20 per hour is your regular rate. Your employer then must pay you the extra $10 halftime overtime premium for the 10 hours you worked over 40 hours in the work week, for a total of $100 of extra pay. Your employer must give you a pay stub that shows your weekly earnings, how those earnings were calculated, and shows all deductions."

15. Within 14 days after resuming or commencing operations, Defendants shall hire an independent third party, who is not involved in this litigation and is approved by representatives of the Secretary to conduct training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, disclosures and anti-retaliation requirements. Defendant Kevin Truong, management, supervisors and individuals who determine the employees' pay or schedules or who prepare payroll shall attend this training, which shall cover the compensable time for which employees shall receive pay. Defendants shall provide counsel for the Secretary seven days' notice in advance of the training and permit the Secretary's representative to attend the training.

16. Within 14 days after resuming or commencing operations, Defendants shall supply all of their employees with copies of the attached Exhibit 3, which summarizes terms of this Consent Judgment and the employees' rights under the FLSA, in English and Spanish. In addition, upon resuming or beginning operations, Defendants shall provide copies of Exhibit 3 to all new hires, and post a copy at their location(s) in an area that is frequented by employees and where it is visible. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

**FURTHER, IT IS HEREBY ORDERED THAT**

17. The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1, nor as to any employee named on the attached Exhibit 1 for any period not specified therein, nor as to any employer other than Defendants.

18. Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

IT IS SO ORDERED

Dated: JULY 9, 2021

_____
United States District Judge

*Consented to By:*
For Defendants Kevin Truong and KP Poultry, Inc.,

_____
Kevin Truong, [Title]

Approved as to form,
Law Office of Ray Hsu

_____
Ray Hsu, Esq.

For Plaintiff Secretary of Labor,
United States Department of Labor

ELENA S. GOLDSTEIN

| | |
|---|---|
| 1 | Acting Solicitor of Labor |
| 2 | SUSAN G. KUMLI |
| 3 | Acting Regional Solicitor |
| 4 | ANDREW J. SCHULTZ |
| 5 | Counsel for Wage and Hour |
| 6 | NISHA PAREKH |
| 7 | ADRIANA E. AHUMADA |
| 8 | Trial Attorneys |
| 9 | By:_____ |
| 10 | |
| 11 | KATHERINE E. CAMERON<br>Senior Trial Attorney |

# EXHIBIT 2

## *PAYMENT SCHEDULE*

| PM NO. | PAYMENT DATE | BEGINNING BALANCE | PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE |
|---|---|---|---|---|---|---|
| 1 | 08/30/2021 | $120,000.00 | $10,054.25 | $9,954.25 | $100.00 | $110,045.75 |
| 2 | 09/30/2021 | $110,045.75 | $10,054.25 | $9,962.54 | $91.70 | $100,083.21 |
| 3 | 10/30/2021 | $100,083.21 | $10,054.25 | $9,970.85 | $83.40 | $90,112.36 |
| 4 | 11/30/2021 | $90,112.36 | $10,054.25 | $9,979.16 | $75.09 | $80,133.20 |
| 5 | 12/30/2021 | $80,133.20 | $10,054.25 | $9,987.47 | $66.78 | $70,145.73 |
| 6 | 01/30/2022 | $70,145.73 | $10,054.25 | $9,995.79 | $58.45 | $60,149.94 |
| 7 | 02/28/2022 | $60,149.94 | $10,054.25 | $10,004.12 | $50.12 | $50,145.81 |
| 8 | 03/28/2022 | $50,145.81 | $10,054.25 | $10,012.46 | $41.79 | $40,133.35 |
| 9 | 04/28/2022 | $40,133.35 | $10,054.25 | $10,020.80 | $33.44 | $30,112.55 |
| 10 | 04/28/2022 | $30,112.55 | $10,054.25 | $10,029.16 | $25.09 | $20,083.39 |
| 11 | 05/28/2022 | $20,083.39 | $10,054.25 | $10,037.51 | $16.74 | $10,045.88 |
| 12 | 06/28/2022 | $10,045.88 | $10,054.25 | $10,045.88 | $8.37 | $0.00 |

# EXHIBIT 3

## *EMPLOYEE RIGHTS STATEMENT*

The U.S. Department of Labor has resolved a lawsuit against your employers KP Poultry, Inc. and Kevin Truong. The lawsuit was filed because the Labor Department alleged that your employers did not pay the half time overtime premium to cutters and packers when they worked more than 40 hours per week.

The lawsuit continues against TL Foods, Lily "Mei" Tseng, Aiwa Tang-Ton, Express Poultry Services, and Jimmy Huynh. The lawsuit seeks additional back wages owed to cutters and packers for overtime and minimum wage pay.

Your Employer must pay you for all hours worked, which includes all time that you are required to be on the Employer's premises and are not free from duties.

You have the right to have all hours worked for your employer in one pay period to be counted on one time record.

Your piece-rate earnings must at least be equal to the hourly state minimum wage for all hours worked. You have the right to be paid for overtime, which means that you have the right to be paid an additional one-half time premium on your regular hourly rate for all hours you work more than 40 hours in one workweek.

You have the right to inspect your time records.

You have the right to speak with the U.S. Department of Labor if you think your Employer has not paid you for all hours worked, paid overtime, or has tried to deter you from asserting your rights to the wages required by law.

The U.S. Department of Labor has the right to inspect your Employer's worksite at any time, and you have the right to talk to any representative of the U.S. Department of Labor privately and not in the presence of your employer. Your employer may not encourage or order you to leave your work areas or residences to prevent or discourage you from speaking with the U.S. Department of Labor.

You can call the U.S. Department of Labor to make a confidential complaint at (626) 966-0478 or 1-866-4-USWAGE.

YOUR EMPLOYER IS SUBJECT TO PENALTIES IF YOUR EMPLOYER VIOLATES THE LAW. PLEASE NOTIFY THE US DEPARTMENT OF LABOR IF YOU THINK YOUR EMPLOYER HAS NOT FULFILLED THE REQUIREMENTS OF THIS NOTICE.

Employees who are paid on a piece rate still get overtime payments. You are entitled to advance notice of any piece rate payment, including exactly how the piece rate is calculated. You are entitled to advance notice if your employer makes any change to the piece rate payment. You are entitled to an individual piece rate and cannot be required to accept a group piece rate. If you work more than 40 hours in a seven day work week, you are entitled to a half time overtime premium. Your regular piece rate payment does NOT include overtime, but it does include straight time pay for all hours worked. If you work more than 40 hours in a work week, your employer must pay you an EXTRA half time premium for overtime, above and beyond your piece rate. For example, if you work 50 hours in a work week and you earned $1000 from your piece rate work, your employer must pay you $100 in overtime. This amount is determined by taking your $1000 pay and dividing it by the 50 hours you worked to get $20 per hour. $20 per hour is your regular rate. Your employer then must pay you the extra $10 halftime overtime premium for the 10 hours you worked over 40 hours in the work week, for a total of $100 of extra pay. Your employer must give you a pay stub that shows your weekly earnings, how those earnings were calculated, and shows all deductions.