MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON (WA #41777)
Associate Regional Solicitor
SONYA SHAO (CA #300832)
Senior Trial Attorney
NISHA PAREKH (CA #318393)
KATHRYN PANACCIONE
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
350 S. Figueroa Street, Suite 370
Los Angeles, CA 90071-1202
Telephone: (213) 894-3990
Parekh.Nisha@dol.gov
*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>                       Plaintiff,<br>     v.<br><br>KP POULTRY, INC., et al.,<br>                     Defendants. | Case No. 2:19-cv-03546-TJH-PLAx<br><br>**CONSENT JUDGMENT AS TO DEFENDANT AIWA TANG-TON ONLY [272]**<br><br>Hon. Terry J. Hatter<br><br>Trial: Apr. 18 – 25, 2023 |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, and Defendant Aiwa Tang-Ton ("Defendant") (collectively the "Parties") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Injunction ("Consent Judgment") as provided below.

## STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES

A.     On December 3, 2020, the Secretary filed his First Amended Complaint (Dkt. 97) in the above-captioned proceeding, naming Defendant and alleging she violated provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5). Defendant filed an Answer to the First Amended Complaint.

B.     Defendant admits that the Court has jurisdiction over the Parties and the subject matter of this civil action and that venue lies in the Central District of California.

C.     The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

D.     Defendant agrees herein to resolve all allegations of the Secretary's First Amended Complaint.

E.     Defendant admits that she has violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay overtime to employees identified on Exhibit 1 who worked more than 40 hours in a work week.

F.     Defendant admits that she violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. § 211 and 215(a)(5), by failing to keep accurate records of hours worked by employees identified on Exhibit 1.

G.     Defendant represents that she and all individuals and entities acting on her behalf or at her direction have notice of, and understand, the provisions of this Consent Judgment.

## JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendant, her agents, servants, employees, companies, and all persons and entities acting at her direction or in concert or participation with her direction, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Contrary to Sections 6 and 15(a)(2) of the FLSA, paying any of her employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the operative minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Contrary to Sections 7 and 15(a)(2) of the FLSA, paying any of her employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek.

3. Contrary to Sections 11(c) and 15(a)(5) of the FLSA, failing to make, keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium

pay for overtime hours and identification of each deduction made from the employee's earnings along with a description of the basis/reason and method of calculation of the deduction;

4.   Contrary to Section 15(a)(3) of the FLSA, discharging; threatening to discharge, lay off, reduce the work schedule or wages, intimidate; failing to hire; providing negative reference; in any other manner discriminating against any employee as a result of this litigation or because such employee has filed any complaint under or related to the FLSA or has spoken or provided information to the Secretary's representatives in connection with this litigation or participated in or received a distribution from the proceeds of this action; or taking any other action to deter employees from asserting their rights under the FLSA or to interfere with any U.S. Department of Labor investigation of wage or other violations.

5.   Requesting, soliciting, suggesting, or coercing, directly, or indirectly, any employee to return or to offer to return to Defendant or to someone else for Defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, or the FLSA; or accepting or receiving from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to the employee under the provisions of this Consent Judgment or the FLSA.

6.   Withholding payment of $150,000.00, which constitutes the back wages found to be due by the Defendant under the FLSA to the employees, who are identified by name in Exhibit 1, which is incorporated in and made part of this Consent Judgment.  Within one (1) year of entry of this Consent Judgment, the Secretary shall file a supplemental Exhibit 1 listing the amount of back wages and liquidated damages and interest paid or to be paid to those individuals.

## JUDGMENT AND ORDER

7.   **FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to

Section 16(c) of the FLSA, in favor of the Secretary as a judgment owed to the United States of America and against Defendant in the total amount of $331,518.33.  This total amount comprises $150,000.00 in unpaid overtime compensation owed by Defendant and, pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, and an additional equal amount as liquidated damages of $150,000.00, as well as civil money penalties of $ 20,000.00 pursuant 29 U.S.C. § 216(e) which have been assessed and finally determined for Defendant's FLSA willful violations for the time periods stated in the supplemental Exhibit 1, plus interest.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

8.  Defendant shall pay $150,000.00 in overtime pay hereby due under the FLSA and this Judgment to individuals on Exhibit 1, which is incorporated in and made part of this Consent Judgment. Additionally, Defendant owes and shall pay liquidated damages in the amount of $150,000.00, which are hereby due under the FLSA and this Judgment to individuals on Exhibit 1. Additionally, Defendant owes and shall pay civil money penalties in the amount of $20,000.00 to the Department of Labor, as assessed against Defendant and finally determined, pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e).  Defendant shall also owe and pay interest.

9.  The first payment in the amount of at least $ 60,000 is due by April 1, 2023; if the Consent Judgment is entered after April 1, 2023, the first payment amount shall be paid within 3 days of the entry of Consent Judgment by the Court. The balance of the judgment amount ($271,518.33) shall be delivered on or before the date each payment is due on the first of each month as set forth in Exhibit 2, which is incorporated in and made part of this Consent Judgment. Defendant may make the back wage and liquidated damages and civil money penalty payments required by this Consent Judgment (plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and

searching "WHD Back Wage Payment - WE Region". Payments shall reference BW Case Number #1830788. Alternatively, Defendant may deliver payments using cashier's check made out to "U.S. Dept. of Labor/Wage & Hour Division" and listing BW Case Number #1830788 on the face of the check, to: United States Department of Labor/Wage & Hour Division, Attn: Back Wage Unit, District Director Daniel Pasquil, 100 N. Barranca Street, Suite #850, West Covina, California 91791.

10. In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business addresses of Defendant then known to the Secretary with electronic copies also concurrently e-served on Defendant, or, if applicable, her counsel.

11. Defendant shall execute two deeds of trust within 14 days of the entry of this Judgment to secure the payments described in Paragraph 9, including Exhibit 2. The deeds of trust shall be recorded against the real properties commonly known as 8171 CELITO DRIVE, ROSEMEAD, CA (Celito Drive), and  507 Coralridge Pl, La Puente, CA 91746  (Coralridge Place), and are attached hereto as Exhibits 4 (Celito Drive) and 5 (Coralridge Place).  Defendant has provided proof of encumbrances on:

- Celito Drive by FIRST AMERICAN TITLE INSURANCE COMPANY, of approximately $250,000.00, and by ROYAL BUSINESS BANK, of approximately $605,000.00, as of February 17, 2023, and

- Coralridge Place by ROYAL BUSINESS BANK of approximately $1,690,000 as of February 17, 2023,

and has represented that these are the only encumbrances on the properties on Celito Drive and Coralridge Place and that there remains sufficient equity to satisfy the outstanding portion of the Judgment of $331,518.33 plus any additional interest owed against Defendant.  The Secretary shall record the deeds of trust attached as Exhibit 4 and Exhibit 5 once the Court signs and enters this Consent Judgment. Defendant agrees not to further encumber the properties before the deed of trusts are recorded.  If Defendant defaults on her payment obligations, the Secretary shall give her 30 days written notice to cure the default (served electronically to Defendant).  If Defendant fails to cure her default, she will cooperate with and provide assistance to the Secretary in executing on the deed(s) of trust.  Within 45 days of Defendant notifying the Secretary that the Consent Judgment has been satisfied in full, including any interest or penalties for paying the amount due late, the Secretary will provide Defendant with deed(s) of reconveyance (and/or any other instrument legally required) and provide any necessary cooperation to effectuate the cancellation and removal of the deed(s) or other encumbrance(s) associated with this Consent Judgment. Defendant will then file the deed(s) of reconveyance (and/or any other instrument legally required) provided by the Secretary to terminate the Secretary's deed(s) of trust.

12. The Secretary shall distribute the proceeds from the settlement payments described in paragraph 7 in the amounts set forth in the supplemental Exhibit l, less deductions for employees' share of payroll taxes and income tax withholding on the back wage amounts, to the employees identified therein, or if necessary, to the employees' estates.  Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of the settlement payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

13. In agreeing to the monetary terms of this Consent Judgment, the

Secretary has relied on the financial documents and information Defendant has provided to the Secretary, including financial declarations, tax returns, and bank statements. All of the documents and information that Defendant has provided to the Secretary concerning Defendant's finances (including, without limitation, those provided through Defendant's counsel) are collectively referred to herein as "Defendant's Financial Representations." Defendant acknowledges that the Secretary has relied on the accuracy and authenticity of Defendant's Financial Representations in agreeing to the monetary provisions of this Consent Judgment. The Secretary provided Defendant with documentation showing the total amount of back wages and liquidated damages calculated by the Secretary as due in this litigation for the period of October 1, 2015 through July 31, 2020, which is $1,242,475.96 (this total amount is referred to herein as the "Calculated Amount"). The Secretary and Defendant agree that if at any future time there is a judicial determination that Defendant's Financial Representations are materially inaccurate or false, and that Defendant knew or should have known before executing this Consent Judgment that the Defendant's Financial Representations were inaccurate or false, the monetary damages due shall be amended by operation of this Consent Judgment from $320,000.00 plus interest to the full Calculated Amount plus interest, and the full Calculated Amount (minus any amount already paid) plus civil money penalties of $20,000.00, which shall become immediately due to the Secretary. Defendant agrees that upon the Secretary's reasonable belief that her Financial Representations were materially false or inaccurate, the Secretary has the right to seek a determination from this Court as to the inaccuracy or falsity of her Financial Representations, her knowledge and constructive knowledge thereof, and the materiality or the inaccuracy or falsity of those representations. Defendant further agrees that the United States District Court for the Central District of California has jurisdiction, and that venue is proper in that judicial district for any litigation concerning the provisions of this Paragraph of the Consent Judgment.

Defendant further waives any statute of limitations defense that may otherwise bar the Secretary's ability to obtain relief under this Paragraph of the Consent Judgment. For the purposes of this Paragraph of the Consent Judgment, Defendant waives any challenge to the merits of the Calculated Amount and agrees that the inquiry before the Court under this Paragraph of the Consent Judgment shall be limited to whether Defendant's Financial Representations were inaccurate or false, Defendant's knowledge and constructive knowledge thereof, and the materiality of the inaccuracy or falsity of the representations. Defendant agrees that the provisions of this Paragraph of the Consent Judgment do not limit the ability of the United States, including any of its agencies or departments, to seek any other relief, or to seek relief in another court or venue, concerning any inaccuracy or falsity in Defendant's Financial Representations.

14. Defendant, her agents, servants, and employees, and any person in active concert or participation with her, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from the individuals listed on the operative Exhibit 1. Defendant shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject Defendant to equitable and legal damages, including punitive damages and civil contempt.

15. Defendant, her agents, servants, and employees, and any person in active concert or participation with her, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts their rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject Defendant to equitable and legal damages, including punitive damages and civil contempt.

16. Defendant shall comply with the FLSA and maintain payroll practices at

any business she owns, operates, or controls, currently and in the future, as follows:

a.   Defendant shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including, for each employee (1) all hours worked by each workday and workweek, including all pre- and post-shift work such as maintaining clothing, tools, and supplies, and donning and doffing; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the number of pieces completed by each workday and workweek, if employee is paid per piece; (4) the total weekly straight-time earnings due for the hours worked during the workweek; (5) the total premium pay for overtime hours; and (6) the dollar value of all equipment, tools, clothing, and supplies paid for and used in or specifically required for the employee's work.

b.   Defendant shall record all wages paid to employees, regardless of the manner of payment, on payroll records.

c.   Within 14 days after resuming or commencing operations, Defendant shall inform all supervisors and managers of requirements of this Consent Judgment and shall provide a copy of this Consent Judgment (excluding Exhibits 1 and 2) to all supervisors and managers.

d.   Defendant shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendant shall not encourage workers to under-report their hours worked.

e.   Defendant shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendant shall direct supervisors and payroll providers to encourage workers to report all hours worked.

17.     If Defendant chooses to calculate pay through any type of individual production-based system, such as a piece rate system, Defendant shall provide the following written notice to piece rate employees upon hire and shall place the notice prominently around the workplace.  The notice shall be translated into Spanish and Vietnamese and any other language necessary for employees to be able to read the notice, and it shall read as follows:

"Employees who are paid on a piece rate still get overtime payments. You are entitled to advance notice of any piece rate payment, including exactly how the piece rate is calculated. You are entitled to advance notice if your employer makes any change to the piece rate payment. You are entitled to an individual piece rate and cannot be required to accept a group piece rate. Your regular piece rate payment does NOT include overtime, but it does include straight time pay for all hours worked. If you work more than 40 hours in a work week, your employer must pay you a premium for overtime, above and beyond your piece rate. For example, if you worked 50 hours in a workweek and earned $500 from your piece rate work, your employer must pay you $50 in overtime. This amount is calculated by taking your $500 pay and dividing it by the 50 hours you worked to get $10 per hour. $10 per hour is your regular rate. The overtime premium means you must get paid 1.5 times of your regular rate. For the extra 10 hours you worked that week, you should have gotten paid $10 x 1.5 = $15 per hour. Since your employer paid you $10/hour, your employer owes you $5 overtime premium for the 10 hours you worked past 40 hours, meaning your employer owes you 10 x $5 or $50. Your employer must give you a pay stub that shows your weekly earnings, how those earnings were calculated, and shows all deductions. Your employer must pay you for any time that you spend putting on or removing tools and clothes you are required to wear for work, such as knives to cut chicken or gloves, robes, and hairnets for your safety and food hygiene."

18.     Within 14 days after resuming or beginning operations, Defendant shall hire an independent third party, who is not involved in this litigation and is approved by representatives of the Secretary, to conduct training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, disclosures and anti-retaliation requirements. Defendant and any other managers, supervisors, and or other individuals who determine the employees' pay or schedules or who prepare payroll shall attend this training.  Defendant shall provide counsel for the Secretary seven days' notice in advance of the training and permit the Secretary's representative to attend the training.

19.     Within 14 days after resuming or commencing operations, Defendant shall supply all her employees with copies of the attached Exhibit 3, which summarizes the terms of this Consent Judgment and the employees' rights under the FLSA, in English, Spanish, and Vietnamese. In addition, upon resuming or beginning operations, Defendant shall provide copies of Exhibit 3 to all new hires and post a copy at their location(s) in an area that is frequented by employees and where it is visible. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

**FURTHER, IT IS HEREBY ORDERED THAT**

20. The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1, nor as to any employee named on the attached Exhibit 1 for any period not specified therein, nor as to any employer other than Defendant.

21. Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as

amended.

22.     The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

         IT IS SO ORDERED.


Dated:  MARCH 10, 2023

                              _____

                              HON. TERRY J. HATTER, JR.

                              UNITED STATES DISTRICT JUDGE

Consented to by:

_____
Aiwa Tang-Ton
Defendant

Approved as to form,
Law Office of Ray Hsu

_____
Ray Hsu, Esq.

For Plaintiff Secretary of Labor,
United States Department of Labor

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

KATHERINE E. CAMERON
Associate Regional Solicitor

_____
SONYA SHAO
NISHA PAREKH
KATHRYN PANACCIONE
Trial Attorneys
Attorneys for Plaintiff Martin J. Walsh,
United States Secretary of Labor

3

**EXHIBIT 1**

***Last Name, First Name***

Acevedo, Ernestina

Aguilar Rico, Jorge

Aguilar Rico, Jose

Aguilar Rico, Sergio

Alferez, Nancy

Andrade, Adela

Andrade, Ivan

Andrade, Jaime

Aranda, Alberto

Bañuelos, Emi Isarel

Bañuelos, Sergio

Cabanas, Karen

Calderon, Oscar

Carrillo, Erminia

Carrillo, Moises

Castenada, Alberto

Castro Puebla, Cesar

Castro Ramos, Estela

Ceron, Yobani

Cervantes, Araceli

Chang, Pau

Correa, Fidencio

Cruz, Mario

Cruz, Pablo

Cruz Santos, David

Equihua, Fabian

1  Fernandez, Juan

2  Fernando, Alvaro

3  Flores, Marco

4  Garcia, Francisco

5  Garcia, Jesus Santamaria

6  Garza, Daniela

7  Gaxiola, Jorge

8  Godinez, Jose D

9  Gomez, Maria Fabiola

10 Gomez, Ricardo

11 Gonzalez, Sebastian

12 Granados, Noe

13 Guillen, Juan

14 Hernandez, Candelaria

15 Hernandez, Rogelio Perez

16 Indalecio, Jorge

17 Linares, Alejandra

18 Lopez, Jaime

19 Lopez, Luis

20 Lopez, Reynaldo

21 Lopez, Senen

22 Luna Mares, Reynaldo

23 Macias, Cecilia

24 Magaña, Francisco M

25 Magaña, Gustavo

26 Magaña, Pedro

27 Maroquin, Angelina

28 Martinez, Antonio

1   Martinez, Brandon

2   Martinez, Daniela

3   Martinez, Janet

4   Martinez, Jorge

5   Martinez, Maria

6   Martinez, Rafael

7   Martinez, Refujio

8   Martinez, Roberto

9   Mendez, Daniel

10  Mendez, Oscar

11  Mendoza, Maria

12  Mesa, Ana Luisa

13  Mesa, Susana

14  Munguia, Hermelinda

15  Nuno, Jose

16  Ochoa, Alejandro

17  Ochoa, Carina

18  Palomar, Ana

19  Palomar, Gerardo

20  Palomar, Jose

21  Palomar, Juan

22  Palomar, Rodolfo

23  Perez, Juana

24  Perez, Laura Lucia

25  Perez, Rafael

26  Perez, Rogelio

27  Pinzon, Laura

28  Ramirez, Andres

1  Ramos, Brenda

2  Ramos, Julio

3  Rios, Ventura

4  Rojas, Laura

5  Rojo, Diana

6  Rojo, Emmanuel

7  Rojo, Maria

8  Rojo, Yovanna

9  Rubio, Andres Bejarano

10  Rueda, Jose Luis

11  Ruiz, Hilario

12  Ruiz, Mario

13  Salazar, Alejandra

14  Saldivar, Teresa M

15  Salvador, Pedro

16  Sanchez, Norberto

17  Sanchez, Ramiro

18  Sanchez Alonso, Nabor

19  Sandoval, Rafael

20  Solarzane, Daniel

21  Tapia, Alexis

22  Tinoco, Efrain

23  Tinoco, Hector

24  Vargas, Jael

25  Veliz Castellanos, Byron

26  Venegas, Jesus

27  Villalobos, Enrique

28  Villalobos, Maria

Villarreal, Jesus

Villarreal, Rafael

Villarreal, Rene

# EXHIBIT 2

## *PAYMENT SCHEDULE*

| PMT NO. | PAYMENT DATE | BEGINNING BALANCE | PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE |
|---|---|---|---|---|---|---|
| 1 | 5/1/2023 | $260,000.00 | $19,394.17 | $17,877.50 | $1,516.67 | $242,122.50 |
| 2 | 6/1/2023 | $242,122.50 | $19,394.17 | $17,981.79 | $1,412.38 | $224,140.71 |
| 3 | 7/1/2023 | $224,140.71 | $19,394.17 | $18,086.68 | $1,307.49 | $206,054.04 |
| 4 | 8/1/2023 | $206,054.04 | $19,394.17 | $18,192.18 | $1,201.98 | $187,861.85 |
| 5 | 9/1/2023 | $187,861.85 | $19,394.17 | $18,298.31 | $1,095.86 | $169,563.54 |
| 6 | 10/1/2023 | $169,563.54 | $19,394.17 | $18,405.05 | $989.12 | $151,158.50 |
| 7 | 11/1/2023 | $151,158.50 | $19,394.17 | $18,512.41 | $881.76 | $132,646.09 |
| 8 | 12/1/2023 | $132,646.09 | $19,394.17 | $18,620.40 | $773.77 | $114,025.69 |
| 9 | 1/1/2024 | $114,025.69 | $19,394.17 | $18,729.02 | $665.15 | $95,296.68 |
| 10 | 2/1/2024 | $95,296.68 | $19,394.17 | $18,838.27 | $555.90 | $76,458.41 |
| 11 | 3/1/2024 | $76,458.41 | $19,394.17 | $18,948.16 | $446.01 | $57,510.25 |
| 12 | 4/1/2024 | $57,510.25 | $19,394.17 | $19,058.69 | $335.48 | $38,451.56 |
| 13 | 5/1/2024 | $38,451.56 | $19,394.17 | $19,169.87 | $224.30 | $19,281.69 |
| 14 | 6/1/2024 | $19,281.69 | $19,394.17 | $19,281.69 | $112.48 | $0.00 |

**Total Payments:**          **$271,518.33**

EXHIBIT 3

***EMPLOYEE RIGHTS STATEMENT***

The U.S. Department of Labor has resolved a lawsuit against your employer Aiwa Tang-Ton. The lawsuit was filed because the Labor Department alleged that your employers did not pay the half time overtime premium to cutters and packers when they worked more than 40 hours per week.

Your Employer must pay you for all hours worked, which includes all time that you are required to be on the Employer's premises and are not free from duties.

You have the right to have all hours worked for your employer in one pay period to be counted on one time record.

Your piece-rate earnings must at least be equal to the hourly state minimum wage for all hours worked. You have the right to be paid for overtime, which means that you have the right to be paid an additional one-half time premium on your regular hourly rate for all hours you work more than 40 hours in one workweek.

You have the right to inspect your time records.

You have the right to speak with the U.S. Department of Labor if you think your Employer has not paid you for all hours worked, paid overtime, or has tried to deter you from asserting your rights to the wages required by law.

The U.S. Department of Labor has the right to inspect your Employer's worksite at any time, and you have the right to talk to any representative of the U.S. Department of Labor privately and not in the presence of your employer. Your employer may not encourage or order you to leave your work areas or residences to prevent or discourage you from speaking with the U.S. Department of Labor.

You can call the U.S. Department of Labor to make a confidential complaint at (626) 966-0478 or 1-866-4-USWAGE.

YOUR EMPLOYER IS SUBJECT TO PENALTIES IF YOUR EMPLOYER VIOLATES THE LAW. PLEASE NOTIFY THE US DEPARTMENT OF LABOR IF YOU THINK YOUR EMPLOYER HAS NOT FULFILLED THE REQUIREMENTS OF THIS NOTICE.

Employees who are paid on a piece rate still get overtime payments. You are entitled to advance notice of any piece rate payment, including exactly how the piece rate is calculated. You are entitled to advance notice if your employer makes any change to the piece rate payment. You are entitled to an individual piece rate and cannot be required to accept a group piece rate. If you work more than 40 hours in a seven day work week, you are entitled to a half time overtime premium. Your regular piece rate payment does NOT include overtime, but it does include straight time pay for all hours worked. If you work more than 40 hours in a work week, your employer must pay you an EXTRA half time premium for overtime, above and beyond your piece rate. For example, if you work 50 hours in a work week and you earned $1000 from your piece rate work, your employer must pay you $100 in overtime. This amount is determined by taking your $1000 pay and dividing it by the 50 hours you worked to get $20 per hour. $20 per hour is your regular rate. Your employer then must pay you the extra $10 halftime overtime premium for the 10 hours you worked over 40 hours in the work week, for a total of $100 of extra pay. Your employer must give you a pay stub that shows your weekly earnings, how those earnings were calculated, and shows all deductions. Your employer must pay you for any time that you spend putting on or removing tools and clothes you are required to wear for work, such as knives to cut chicken or gloves and hairnets for your safety and food hygiene.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 4

RECORDING REQUESTED BY:
United States Department of Labor
Office of the Solicitor
Attn: Katherine Cameron, Assoc. Regional
300 Fifth Ave., Suite 1120
Seattle, WA 98104-2397

WHEN RECORDED MAIL TO:
United States Department of Labor
Office of the Solicitor
Attn: Katherine Cameron, Assoc. Region
300 Fifth Ave., Suite 1120
Seattle, WA 98104-2397

*United States Department of Labor v. KP Poul*
Civil Case No. 2:19-cv-03546-TJH-PLAx

This Deed of Trust, made this ___ day of
CELITO DRIVE, ROSEMEAD, CA 91770,
TRUSTEE, and UNITED STATES DEPAR

Witnesseth: That TRUSTOR IRREVOCA
SALE, that property in Los Angeles County

ATTACHED HERETO AS EXHIBIT A, exc
apply such rents, issues and profits,

For the Purpose of Securing payment in the
03546-TJH-PLAx (C.D. Cal.), with interest
order of the Beneficiary, and extensions or re

To Protect the Security of This Deed of Trus
provisions (1) to (14), inclusive, excluding (
page of Official Records in the office of the
name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK |
|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1091 |
| Alpine | 1 | 250 | Inyo | 147 |
| Amador | 104 | 348 | Kern | 3427 |
| Butte | 1145 | 1 | Kings | 792 |
| Calaveras | 145 | 152 | Lake | 362 |
| Colusa | 296 | 617 | Lassen | 171 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 |
| Del Norte | 78 | 414 | Madera | 810 |
| El Dorado | 568 | 456 | Marin | 1508 |
| Fresno | 4626 | 572 | Mariposa | 77 |
| Glenn | 422 | 184 | Mendocino | 579 |
| Humboldt | 657 | 527 | Merced | 1547 |

(which provisions identical in all counties,
and made a part hereof as fully as though
that the references to property, obligations
parties set forth in this Deed of Trust.

The Trustor requests that a copy of any Not
set forth.

AIWA TANG-TON, TRUSTOR

A notary public or other officer complet
document to which this certificate is att

State of California
County of Los Angeles )

On 3/16 023
personally appeared   Tang-ton

who proved to me on the basis of satisfactory
acknowledged to me that he/she/they executed
instrument the person(s) or the entity upon be

S LIN
COMM. #2395289
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Feb. 20, 2

Real property in the uninco
described as follows:

LOT 18 OF TRACT NO. 9
CALIFORNIA, AS PER M
OF MAPS, IN THE OFFIC

EXCEPT THE WESTERL
APN: 5279-011-021

## DO NOT RECORD THIS PAGE

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.

Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; subject to the mutual agreements of the parties as below set forth, to pay when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, the Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance. The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure to pay.

(8) That at any time from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of the Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed unless directed in such request to retain them.

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may be determined, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed or any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgee, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

_Cur_

Aiwa Tang-Ton
Trustor's Signature for this Deed of Trust

3/01/23

Date

---

EXHIBIT 5

RECORDING REQUESTED BY:
United States Department of Labor
Office of the Solicitor
Attn: Katherine Cameron, Assoc. Regional Solicitor
300 Fifth Ave., Suite 1120
Seattle, WA 98104-2397

WHEN RECORDED MAIL TO:
United States Department of Labor
Office of the Solicitor
Attn: Katherine Cameron, Assoc. Regional Solicitor
300 Fifth Ave., Suite 1120
Seattle, WA 98104-2397

United States Department of Labor v. KP Poultry, Inc., et al.
Civil Case No. 2:19-cv-03546-TJH-PLAx

# DEED OF TRUST

This Deed of Trust, made this _7th_ day of _March_, 2023, between Aiwa Tang-Ton, herein called TRUSTOR, whose address is 507 Coralridge Pl, La Puente, CA, 91746, and ROYAL BUSINESS BANK, a California Corporation, herein called TRUSTEE, and UNITED STATES DEPARTMENT OF LABOR, herein called BENEFICIARY.

Witnesseth: That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles County, California, described as:

ATTACHED HERETO AS EXHIBIT A, excluding paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits,

For the Purpose of Securing payment in the sum of $331,518.33 per Consent Judgment filed in *Walsh v. KP Poultry, Inc.*, Case No. 2:19-cv-03546-TJH-PLAx (C.D. Cal.), with interest thereon according to the terms of said Consent Judgment herewith made by Trustor payable to order of the Beneficiary, and extensions or renewals thereof.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust hereby, that provisions (1) to (14), inclusive, excluding (10), of the fictitious deed of trust recorded in Los Angeles County, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Modoc | 184 | 851 | San Diego |  |  | Solano | 1105 | 182 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Mono | 52 | 429 | Series 2 | 1961 | 183887 | Sonoma | 1851 | 689 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Monterey | 2194 | 538 | San Francisco | A332 | 905 | Stanislaus | 1715 | 456 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Napa | 639 | 86 | San Joaquin | 2470 | 311 | Sutter | 572 | 297 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Nevada | 305 | 320 | San Luis Obispo | 1151 | 12 | Tehama | 401 | 289 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Orange | 5889 | 611 | San Mateo | 4078 | 420 | Trinity | 93 | 366 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Placer | 895 | 301 | Santa Barbara | 1878 | 860 | Tulare | 2294 | 275 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Plumas | 151 | 5 | Santa Clara | 5336 | 341 | Tuolumne | 135 | 47 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Riverside | 3005 | 523 | Santa Cruz | 1431 | 494 | Ventura | 2062 | 386 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Sacramento | 4331 | 62 | Shasta | 684 | 528 | Yolo | 653 | 245 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | San Benito | 271 | 383 | Sierra | 29 | 335 | Yuba | 334 | 486 |
| Humboldt | 657 | 527 | Merced | 1547 | 538 | San Bernardino | 5567 | 61 | Siskiyou | 468 | 181 |  |  |  |

(which provisions identical in all counties, are printed on Exhibit A attached to this form) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that said Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to her at her address herein before set forth.

_____
AIWA TANG-TON, TRUSTOR

03/7/2023
Date

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of _Los Angeles_ )

On _3/7/2023_ before me, _S Lin_ ,
personally appeared _Tang-Ton Aiwa_

who proved to me on the basis of satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

S LIN
COMM. #2395209
NOTARY PUBLIC- CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Feb. 28, 2026

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

**LEGAL DESCRIPTION**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED   UNINCORPORATED (LA PUENTE), IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

PARCEL 10 OF PARCEL MAP NO. 17902, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 206 PAGES 10 AND 11 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL PRECIOUS METALS AND ORES THEREOF UPON SAID RANCHO WHICH ARE EXCEPTED FROM THIS PARTITION AND SUCH METALS AND ORES SHALL BE AND CONTINUE AS HERETOFORE THIS COMMON PROPERTY OF THE PARTIES, AND THEIR HEIRS AND ASSIGNS, WITH FULL POWER AND AUTHORITY AND RIGHT OF ENTRY AND WAY TO EITHER PARTY HIS HEIRS OR ASSIGNS, TO EXTRACT AND REMOVE THE SAME FROM OUT OF FROM OVER THE LAND OF THE OTHER WITH AS LITTLE DAMAGE AS MAY BE ACCOUNTING TO THE OTHER, HIS HEIRS OR ASSIGNS FOR DAMAGES OR INJURIES SUSTAINED BY THE OTHER BY SUCH EXTRACTIONS AND REMOVALS, AS RESERVED IN THE DEED OF PARTITION OF THE RANCHO LA PUENTE, BETWEEN WILLIAM WORKMAN AND JOHN ROWLAND, RECORDED IN BOOK 10 PAGE 39 ET SEQ. OF DEEDS.

ALSO EXCEPT THEREFROM ALL MINERAL RIGHTS OF SAID LAND, AS RESERVED IN THE DEED FROM CROSS LAND COMPANY TO S. DUPUY, RECORDED IN BOOK 3973 PAGE 101, OFFICIAL RECORDS.

PARCEL 2:

AN EASEMENT FOR THE PURPOSE OF MAINTAINING, OPERATING, CONTROLLING AND CONSTRUCTING A DRAIN PIPE AND DRAINAGE SYSTEM OVER THE SOUTHEASTERLY 10 FEET OF PARCEL 1 OF PARCEL MAP NO. 12397, AS PER MAP FILED IN BOOK 156 PAGES 2 AND 3 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 3:

AN EASEMENT FOR PURPOSES OF MAINTAINING, OPERATING, CONTROLLING AND CONSTRUCTING A DRAIN PIPE AND DRAINAGE SYSTEM OVER THE SOUTHEASTERLY 10 FEET OF PARCEL 2 OF PARCEL MAP NO. 12397, AS PER MAP FILED IN BOOK 156 PAGES 2 AND 3 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

AN EASEMENT FOR STORM DRAIN PURPOSES OVER THE FOLLOWING DESCRIBED LAND: THOSE PORTIONS OF PARCELS 6 AND 7 OF PARCEL MAP NO. 17902, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON A MAP FILED IN BOOK 206 PAGES 10 AND 11 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. INCLUDED WITHIN A STRIP OF LAND 10 FEET IN WIDTH, LYING 5.00 FEET ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE:

COMMENCING AT THE MOST SOUTHERLY CORNER OF SAID PARCEL 7, THENCE NORTH 50° 03' 26" WEST 3.42 FEET ALONG THE SOUTHWESTERLY LINE OF SAID PARCEL; THENCE SOUTH 71° 25' 02" EAST 2.06 FEET TO A POINT IN THE SOUTHEASTERLY  LINE OF SAID PARCEL 7 AND THE TRUE POINT OF BEGINNING OF SAID CENTERLINE; THENCE NORTH 71° 25' 02" WEST 98.24 FEET TO THE BEGINNING OF A CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 48.00 FEET; THENCE NORTHWESTERLY AND SOUTHWESTERLY 53.61 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 68° 38' 69"; THENCE SOUTH 39° 56' 49" WEST 61.90 FEET TO THE SOUTHWESTERLY LINE OF SAID PARCEL 6. THE SIDELINES OF SAID STRIP SHALL BE LENGTHENED OR SHORTENED SO AS TO ORIGINATE IN THE SOUTHEASTERLY LINE OF SAID PARCELS 6 AND 7 AND TERMINATE IN THE SOUTHWESTERLY LINE OF SAID PARCEL 6.

APN: 8206-021-041

**To Protect the Security of This Deed of Trust, Trustor**

(1) To keep said property in good condition and repair; building which may be constructed, damaged or destroyed said property or requiring any alterations or improvement violation of law; to cultivate, irrigate, fertilize, fumig enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire, any fire or other insurance policy may be applied by Ben entire amount so collected or any part thereof may be rele

Such application or release shall not cure or waive any d mutual agreements of the parties as below set forth.

(3) To appear in and defend any action or proceeding including cost of evidence of title and attorney's fees in Beneficiary to foreclose this Deed of Trust.

(4) To pay, at least ten days before delinquency all taxes the parties as below set forth, to pay when due, all encu costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any ac and without releasing Trustor from any obligation hereo Beneficiary or Trustee being authorized to enter upon sai or powers of Beneficiary or Trustee; pay, purchase, conte exercising any such powers, pay necessary expenses, emp

(5) To pay immediately and without demand all sums so hereof, and to pay for any statement provided for by law maximum allowed by law at the time when said statemen

(6) That any award of damages in connection with any who may apply or release such moneys received by hi provisions hereof are subject to the mutual agreements of

(7) That by accepting payment of any sum secured heret or to declare default for failure to pay.

(8) That at any time from time to time, without liability t without affecting the personal liability of any person for p or plat thereof; join in granting any easement thereon; or

(9) That upon written request of the Beneficiary stating retention and upon payment of its fees, Trustee shall rec conclusive proof of the truthfulness thereof. The grantee full reconveyance, Trustee may destroy said note and this

(10) That as additional security, Trustor hereby gives to and profits of said property, reserving unto Trustor the hereunder, to collect and retain such rents, issues and pr agent, or by a receiver to be appointed by a court, as will or any part thereof, in his own name sue for or otherwi operation and collection, including reasonable attorney's possession of said property, the collection of such rents, unaffected any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any in immediately due and payable by delivery to Trustee of w which notice Trustee shall cause to be filed for record. U

After the lapse of such time as may then be required by without demand on Trustor, shall sell said property at t determined, at public auction to the highest bidder for ca by public announcement at such time and place of sa postponement. Trustee shall deliver to such purchaser it matters or facts shall be conclusive proof of the truthfuln

After deducting all costs, fees and expenses of Trustee a of; all sums expended under the terms hereof, not then rep remainder, if any, to the person or persons legally entitled

(12) Beneficiary, or any successor in ownership of any i named herein or acting hereunder, which instrument, exe property is situated, shall be conclusive proof of proper s title, estate, powers and duties. Said instrument must co name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, a shall mean the owner and holder, including pledgees, o masculine gender includes the feminine and/or neuter, an

(14) That Trustee accepts this Deed when this Deed, du pending sale under any other Deed of Trust or of any acti

_____

Aiwa Tang-Ton
Trustor's Signature for this Deed of Trus