MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON (WA #41777)
Associate Regional Solicitor
SONYA SHAO
Senior Trial Attorney
NISHA PAREKH (CA #318393)
KATHRYN A. PANACCIONE (CA #332188)
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
350 S. Figueroa Street, Suite 370
Los Angeles, CA 90071-1202
Panaccione.kathryn.a@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,[1]<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>                              Plaintiff,<br><br>        v.<br><br>KP POULTRY, INC., et al.,<br>                              Defendants. | Case No. 2:19-cv-03546-TJH-PLAx<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PROSPECTIVE INJUNCTION AGAINST DEFENDANTS TL FOODS, INC., EXPRESS POULTRY SERVICES, INC.; LILY "MEI" TSENG; AND JIMMY HYUNH**<br><br>Hon. Terry J. Hatter, Jr. |

[1] Julie A. Su became Acting Secretary of Labor on March 13, 2023. Pursuant to Fed. R. Civ. P 25(d), the caption has been changed to reflect this.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.       FACTS AND PROCEDURAL BACKGROUND ..................................... 1

II.      ARGUMENT .............................................................................. 1

  A.   The *Eitel* factors weigh in favor of granting default judgment. ..... 2

     1.   Possibility of prejudice to the Plaintiff ........................................ 3

     2.   Merits of Plaintiff's substantive claim and sufficiency of the
          Complaint ..................................................................................... 4

     3.   Sum of money at stake in the action ........................................... 7

     4.   Possibility of a dispute concerning material fact ..................... 11

     5.   Whether the default was due to excusable neglect ................. 11

     6.   Policy underlying the Federal Rules of Civil Procedure
          favoring decisions on the merits ................................................ 12

  B.   Plaintiff has met the requirements of the Local Rules regarding
       default judgments .......................................................................... 12

  C.   The Court should determine the amount of back wages from the
       evidence because Plaintiff has satisfied the lenient standard for
       proving the amount of back wages owed ..................................... 13

  D.   Post-Judgment Interest pursuant to 28 U.S.C. § 1961 ................ 16

III.    This Court should Enter a Prospective Injunction against Absent
         Defendants…………………………………………………………………..16

IV.     CONCLUSION ........................................................................... 18

# TABLE OF CONTENTS

## Cases

*Acosta v. DRF Hospitality Management*,
   No. CV18346DRHAKT, 2019 WL 1590931 (E.D.N.Y. Mar. 13, 2019).....14, 15

*Alabado v. French Concepts, Inc.*,
   2016 WL 5929247...........................................................................4, 7, 8

*Alvarez v. IBP, Inc.*,
   339 F.3d 894 (9th Cir. 2003)..........................................................13

*Anderson v. Mt. Clemens Pottery Co.*,
   328 U.S. 680 (1946).....................................................9, 10, 14, 16

*Brock v. Big Bear Mkt. No. 3*,
   825 F.2d 1381 (9th Cir. 1987)........................................16, 17, 18

*Burlington Northern and Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006)..............................................................................6

*Carter v. Panama Canal Co.*,
   463 F.2d 1289 (D.C. Cir. 1972)....................................................14

*Conner v. Scnuck Markets, Inc.*,
   121 F.3d 1390 (10th Cir. 1997).......................................................6

*Doe v. G.M. Holdings, Inc.*,
   2016 U.S. Dist. LEXIS 26817 (D. Md. Mar. 3, 2016)...................15

*Dr. JKL Ltd. V. HPC IT Educ. Ctr.*,
   749 F.Supp.2d 1038 (N.D. Cal. 2010) ..............................................4

*DRF Hospitality Management*,
   2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019)................................16

*EEC v. First Citizens Bank*,
   758 F.2d 397 (9th Cir. 1985)..........................................................10

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir.1986)............................................................2

*Elektra Ent. Grp. Inc. v. Crawford*,
   226 F.R.D. 388 (C.D. Cal. 2005) ...............................................2, 11

*Flaks v. Koegel*,
   504 F.2d 702 (2d Cir. 1974)...............................................................3

*Geddes v. United Fin.*,
   *Gp.*, 559 F.2d 557 (9th Cir. 1977)................................................3, 5

*In re Perez*,
   749 F.3d 849 (9th Cir. 2014)............................................................9

*Jackson v. Sturkie*,
  255 F.Supp.2d 1096 (N.D. Cal. Mar. 28, 2003) ............................................18

*Johnson v. Dhillon*,
  2015 WL 5834799 (E.D. Cal. Oct. 1, 2015) ...................................................2

Kloepping v. Fireman's Fund,
  1996 WL 75314 (N.D. Cal. Feb. 13, 1996) ...................................................12

*Local 246 v. S. California Edison Co.*,
  83 F.3d 292 (9th Cir. 1996) .........................................................................10

*Loewe v. 811 Cristobal, Inc.*,
  2020 WL 2374931 (C.D. Cal. Mar. 10, 2020) .............................................15

*Marshall v. Chala Enters., Inc.*,
  645 F.2d 799 (9th Cir. 1981)........................................................................17

*Martinez v. Alimentos Saludables Corp.*,
  No. 16-CV-1997, 2017 WL 5033650 (E.D.N.Y. Sept. 22, 2017)...................14

*McLaughlin v. Ho Fat Seto*,
  850 F.2d 586 (9th Cir. 1988)........................................................................14

*Metzler v. IBP, Inc.*,
  127 F.3d 959 (10th Cir. 1997)......................................................................16

*N. Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co.*,
  2016 WL 4533055, FN 2 (W.D. Wash. Jan. 27, 2016)...................................3

*Overnight Motor Transp. Co. v. Missel*,
  316 U.S. 572 (1942) .....................................................................................10

*PepsiCo v. Triunfo-Mex, Inc.*,
  189 F.R.D. 431 (C.D. Cal. 1999)....................................................................2

*PepsiCo, Inc. v. California Sec. Cans*,
  238 F.Supp.2d 1172 (C.D. Cal. 2002) ...............................................7, 11, 12

*Perez v. J & L Metal Polishing, Inc.*,
  No. SACV15-1957-PSG, 2016 WL 7655766 (C.D. Cal. May 9, 2016)...........6

*Perez v. Oak Grove Cinemas, Inc.*,
  668 F. Supp. 3d at 1266 (Dist. Oregon, 2014)……...................................…..18

*Philip Morris USA, Inc. v. Castworld Prod., Inc.*,
  219 F.R.D. 494 (C.D. Cal. 2003).........................................................3, 8, 13

*Pope v. United States*,
  323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3 (1944)..............................................3, 5

*Ramirez v. TurfEvolutions*,
  2016 WL 11746406 (C.D. Cal. Feb. 4, 2016).............................................13

*Ray v. Henderson*,
  217 F. 3d 1234 (9th Cir. 2000)......................................................................6

*Scalia v. Emp. Sols. Staffing Grp.*, LLC,
  951 F.3d 1097 (9th Cir. 2020).......................................................................8

*Searson v. Concord Mortgage Corp.*,
  No. 07-cv-3909, 2018 WL 1175065 (E.D.N.Y. Jan. 29, 2018)..................14, 15
*Searson v. Concord Mortgage Corp.*,
  018 WL 1175147 (E.D.N.Y. Mar. 5, 2018)………………………………….15
*Seiko Epson Corp. v. Prinko Image Co. (USA), Inc.*,
  2018 WL 6264988 (C.D. Cal. Aug. 22, 2018) ...............................................3
*Solis v. Best Miracle Corp.*,
  709 F.Supp.2d 843 (C.D. Cal. 2010) .........................................................14
*Solis v. Supporting Hands, LLC*,
  No. 11-0406, 2013 WL 1897822 (D.N.M. Apr. 30, 2013)...........................18
*Tran v. Companion Med Trans, LLC*,
  2016 WL 8925146 (C.D. Cal. Jan. 25, 2016)................................................13
*Trans World Airlines, Inc. v. Thurston*,
  469 U.S. 111 (1985) ...................................................................................10
*Truong Giang Corp. v. Twinstar Tea Corp.*,
  2007 WL 1545173 (N.D. Cal. 2007) ...........................................................7
*Walling v. Youngerman-Reynolds Hardwood Co.*,
  *Inc*., 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945) ...........................15
*Walton v. United Consumers Club, Inc.*,
  786 F.2d 303 (7th Cir. 1986)......................................................................10
*Wirtz v. Malthor, Inc.*,
  391 F.2d 1 (9th Cir. 1968) ..........................................................................17
*Wu v. Ip*,
  No. C93–4467 FMS, 1996 WL 428342 (N.D.Cal.1996) ...............................3

## Statutes

28 U.S.C. § 1961 .........................................................................................16
28 U.S.C. § 1961(a) .....................................................................................16
29 U.S.C. § 207(a)(1), 215(a)(2) ............................................................. 5, 16
29 U.S.C. § 211(c), 215(a)(5) .......................................................................5
29 U.S.C. § 216(b)........................................................................................10
29 U.S.C. § 217 ...........................................................................................16
29 U.S.C. §§ 216, 260 ...........................................................................10, 16

## Rules

Fed. R. Civ. P. 25(d) ......................................................................................1
Fed. R. Civ. P. 37..........................................................................................2, 3
Fed. R. Civ. P. 37(b)(2)(A)(vi) or Rule 55(a)...................................................2
Fed. R. Civ. P. 54(c), 55(d) ...........................................................................3

Fed. R. Civ. P. 55(a) ........................................................................3
Fed. R. Civ. P. 55(b) .............................................................. 1, 2, 3, 12

## <u>Regulations</u>

29 CFR § 778.109 ...........................................................................15

## <u>Other Authorities</u>

10 Wright & Miller, Federal Practice and Procedure s 2688, at 280, 284 (1973) 3, 5
C.D. Cal. L.R. 55–1 ........................................................................12
Schwarzer, Tashima, & Wagstaffe, *Federal Civil Procedure Before Trial,* 6 .........3

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55-1, Plaintiff Secretary of Labor (the "Secretary") hereby requests that the Court enter default judgment in this matter against Defendants TL Foods, Inc., Lily "Mei" Tseng, Jimmy Huynh, and Express Poultry Services, Inc. (collectively "Absent Defendants"). The Court entered default against Absent Defendants on January 21, 2022. Dkt. 215-16. The Secretary, who brought this suit in the public interest, is entitled to entry of a default judgment against the Absent Defendants so that the workers who have been wronged can finally receive judgment for the back wages that Absent Defendants owe them.

## I.    FACTS AND PROCEDURAL BACKGROUND

At the outset of this case, Absent Defendants were represented by counsel. Dkt. 17, 18, 26, 111, 112, 119. However, by July 29, 2021, they were unrepresented. Dkt. 142, 146. Absent Defendants thereafter completely abandoned this litigation. Among other things, they failed to respond to the Secretary's motions and failed to fulfill the pre-trial requirements specified in L.R. 16. Dkt. 167, 178, 179, 185. Absent Defendants knew the consequences of their failures to participate because this Court and the Secretary warned them of those consequences. Dkt. 167, 208-2. Yet, Absent Defendants persisted. Dkt. 208-2.

On January 21, 2022, the Court entered default against Absent Defendants. Dkts. 215, 216. Absent Defendants have not contested the entry of default in any way. Declaration of Kathryn Panaccione at ¶ 3 (hereinafter "Panaccione Decl."). All of the other Defendants in this case have entered into Consent Judgments with the Secretary, so entering Default Judgment against Absent Defendants would adjudicate all the remaining claims and all the parties' rights and responsibilities and would conclude this matter. Dkt. 150 (Consent Judgment with KP Poultry, Inc., and Kevin Truong); Dkt. 273 (Consent Judgment with Aiwa Tang-Ton).

## II.    ARGUMENT

The Secretary seeks entry of default judgment under Federal Rule of Civil Procedure 55(b) against Absent Defendants. Absent Defendants failed to participate in this case since 2021 and failed to challenge the entry of default the Court entered against them more than a year ago. Accordingly, default judgment is appropriate under the factors established by the Ninth Circuit in *Eitel v. McCool,* 782 F.2d 1470 (9th Cir. 1986), and under the Local Rules. Furthermore, the Court can and should determine back wages based upon the evidence presented herein, in order to grant relief to the Secretary, who has diligently pursued her case against on behalf of Defendants' workers, who have been deprived of their lawful wages for years.

### A.   The *Eitel* factors weigh in favor of granting default judgment.

Under Rule 55(b), the Court may enter default judgment against a party who has already defaulted. This procedure is crucial; without it, a Plaintiff who has litigated her case in good faith against an evasive defendant will never be able to obtain justice or the remedy to which he is entitled. While the Court has discretion in deciding whether to grant a default judgment, such judgments "are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). In *Eitel v. McCool*, the Ninth Circuit set forth the following seven factors as to whether a default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors may be used whether the Defendant has defaulted under Federal Rule of Civil Procedure 37(b)(2)(A)(vi) or Rule 55(a). *See, e.g., Johnson v. Dhillon*, 2015 WL 5834799, at *2 (E.D. Cal. Oct. 1, 2015) (applying the *Eitel* factors to entry of default under

Fed. R. Civ. P. 37); *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) (same to entry of default under Fed. R. Civ. P. 55(a)); *but see N. Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co.*, 2016 WL 4533055, at *2, FN 2 (W.D. Wash. Jan. 27, 2016) ("Not all of the *Eitel* factors appear to be applicable in [a default under Fed. R. Civ. P. 37] situation").

When determining if default judgment is appropriate, the well-pleaded factual allegations of the complaint are deemed true, except for those allegations relating to damages. *Geddes v. United Fin. Gp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); 10 Wright & Miller, Federal Practice and Procedure s 2688, at 280, 284 (1973)). While Plaintiff must prove damages sought in the complaint, declarations or affidavits are sufficient for these purposes. Fed. R. Civ. P. 55(b)(2); Schwarzer, Tashima, & Wagstaffe, *Federal Civil Procedure Before Trial,* 6:98; *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498–99 (C.D. Cal. 2003). The Court may also order an evidentiary hearing. Fed. R. Civ. P. 55(b)(2).

Plaintiff's burden to prove damages is "relatively lenient," and requires that the damages naturally flow from the injuries pled in the complaint. *Philip Morris,* 219 F.R.D. at 498 (quoting *Wu v. Ip,* No. C93–4467 FMS, 1996 WL 428342 at *1 (N.D.Cal.1996) (citation omitted)). Damages are limited, however, to the type requested in the complaint, and may not exceed what was requested in the complaint. Fed. R. Civ. P. 54(c), 55(d).

### 1.      Possibility of prejudice to the Plaintiff

Here, Plaintiff would be severely prejudiced if default judgment was not entered. The Secretary filed her Complaint in April 2019, and Defendants' employees have been denied their rightful wages since 2015. The Secretary has no legal recourse other than entry of a default judgment. *Philip Morris,* 219 F.R.D. at 499 ("Plaintiff would suffer prejudice if the default judgment is not

entered because Plaintiff would be without other recourse to recovery); *Seiko Epson Corp. v. Prinko Image Co. (USA), Inc.*, 2018 WL 6264988, at *2 (C.D. Cal. Aug. 22, 2018) ("Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiffs without recourse.").

> **2.** **Merits of Plaintiff's substantive claim and sufficiency of the Complaint**

The merits of Plaintiff's substantive claim and sufficiency of the Complaint, while two separate prongs of the *Eitel* analysis, are often analyzed together. *Alabado v. French Concepts, Inc.*, 2016 WL 5929247 (quoting *Dr. JKL Ltd. V. HPC IT Educ. Ctr.*, 749 F.Supp.2d 1038, 1048 (N.D. Cal. 2010)). Here, Plaintiff has sufficiently pled in her First Amended Complaint ("FAC") the causes of action on which Plaintiff seeks default judgment – overtime and recordkeeping violations of the FLSA against all of the Absent Defendants, and an additional cause of action for retaliation against Lily Tseng. Dkt. 97. Notably, this Court already granted partial summary judgment to the Secretary on her two claims for overtime and record-keeping violations against all of the Absent Defendants. DktS. 178, 179 (Orders).

> **a.** Partial Summary Judgment was already granted on the Overtime and Record-keeping Claims

First, Plaintiff has already presented evidence that shows her allegations are meritorious, and the Court agreed. The Court granted Plaintiff's motions for partial summary judgment, finding that all four Absent Defendants were employers of the employees listed on Plaintiff's First Amended Exhibit A to the FAC and that Absent Defendants violated the overtime and recordkeeping provisions of the FLSA and are liable for back wages owed to the Exhibit A employees. Dkt. 178, 179. In addition, Kevin Troung, KP Poultry, Inc., and Aiwa Tang-Ton – Absent Defendants' co-defendants and joint employers – admitted to recordkeeping and overtime violations in their Consent Judgments approved by

this Court. Dkt. 150, 237. Accordingly, this Court has already found that most of the Secretary's factual allegations occurred and, should Absent Defendants have appeared for trial, the jury would have been instructed that absent Defendants violated the recordkeeping and overtime provisions of the FLSA. *See* Dkt. 219 (Pre-Trial Order). Absent Defendants would also have been precluded at trial from presenting any affirmative defenses. Dkt. 219 at 5:21-22. Further, since Absent Defendants defaulted, the factual claims against Absent Defendants are presumed to be true. *Geddes v. United Fin. Gp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citation omitted).

b.  <u>Even if Partial Summary Judgment had not been granted, the Overtime and Record-keeping Claims were properly pled</u>

Even if summary judgment had not already been granted on these claims, the overtime and recordkeeping claims were also properly pled. Specifically:

The First Amended Complaint alleges that the Absent Defendants ran a poultry processing operation out of a warehouse located at 507 Coral Ridge Place, La Puente, California. Dkt. 97 at ¶ 13. It further alleges that all of the Absent Defendants were employers of the employees who worked in that warehouse, and that the employees were covered by the legal protections of the Fair Labor Standards Act ("FLSA"). *Id.* at ¶¶ 7, 8, 10, 12, 13, 16.

The FAC further alleges that employees worked over forty hours per workweek, but were not paid an overtime rate for hours worked over forty in violation of the FLSA Sections 7 and 15(a)(2). Dkt. 97 at ¶ ¶ 17, 21-22, 30-31. FLSA Section 7 and 215(a) require employers to pay employees an hourly rate of one and one-half times their regular rate of pay. 29 U.S.C. § 207(a)(1), 215(a)(2). The FAC alleges that Defendants did not keep accurate records and falsified records that existed, in violation of the requirement in FLSA Section 11(c). Dkt. 97 at ¶ 22, 32-33 (citing 29 U.S.C. § 211(c), 215(a)(5)).

c.  The sufficiency and merits of the retaliation claim against Lily "Mei" Tseng

The Secretary's FACs alleged that Absent Defendant Tseng[2] violated Section 15(a)(3) of the FLSA by retaliating against employees. Dkt. 97 at ¶ 33-34. The elements of that claim are: (1) an individual employee or employees engaged in conduct that is protected by law, or Defendant believed that the employees engaged in such conduct; (2) the employee or employees suffered an adverse action by Defendant; and (3) a causal connection exists between the activity and the adverse action. *Perez v. J & L Metal Polishing, Inc.*, No. SACV15-1957-PSG, 2016 WL 7655766, at *5 (C.D. Cal. May 9, 2016) (citing *Conner v. Scnuck Markets, Inc.,* 121 F.3d 1390, 1394 (10th Cir. 1997)).  The Ninth Circuit has explained adverse action broadly means *any* employment decision "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F. 3d 1234, 1243 (9th Cir. 2000); *see also Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57, 67-68 (2006) (adverse actions include those that would "dissuade[. . .] a reasonable worker from making or supporting a charge of discrimination").

The FAC alleges that once the Department of Labor investigation began, "Defendants coerced their employees to make statements that Defendants' records" were accurate and fair, and that Defendants instructed employees not to speak to the Department's investigators. Dkt. 97. at ¶¶ 24-25.  The FAC claims Defendants retaliated "against employees and interfer[ed] with their rights under the FLSA, including through intimidating and/or threatening employees who have cooperated or may cooperate with the Department of Labor." *Id.* at ¶ 34.

---

[2] The Secretary's First Amended Complaint alleged retaliation by all Defendants, in violation of Section 15(a)(3) of the FLSA. Dkt. 97 at ¶ 34-35. The Secretary later decided to pursue that claim at trial against Defendant Lily Tseng only, and not against the three other Absent Defendants Jimmy Huynh, TL Foods, or Express Poultry. Dkt. 194 at p. 10 (Secy's Memorandum of Contentions of Fact and Law).

Defendants have also acted similarly for employees who they believe will "testify at trial." *Id.*

These allegations are sufficient to state a claim of retaliation. Specifically, the protected activity was the employees' participation or perceived participation in the DOL investigation and litigation. Defendant Tseng's adverse actions included threats and intimidation. The causal connection is established through the timing and since the adverse action specifically references protected activity.

Further showing the merits of the retaliation claim, the docket of this case is replete with evidence of retaliation committed by Absent Defendant Tseng. The Secretary submitted declarations from many of Defendants' employees attesting to intimidation and retaliation by Absent Defendant Tseng. Dkt. 90, 90-1, 90-2, 90-3, 90-4, 90-5, 90-6. The Secretary was ready to call these same and additional employee witnesses to testify that Absent Defendant Tseng made them sign documents that contained false statements about their working conditions. Dkt. 194 at p. 10. They would also testify about Absent Defendant Tseng's threats and intimidation against employees speaking to the Department of Labor. *Id.* Deposition testimony from Absent Defendant Tseng's co-defendants also would have supported the Secretary's allegations. *Id.* at p. 11.

Accordingly, the merits of Plaintiff's claim and the sufficiency of the complaint factors weigh in favor of the Court entering default judgment against Absent Defendants on the claims of overtime and record keeping violations, and against Absent Defendant Lily "Mei" Tseng on the claim of retaliation.

### 3.    Sum of money at stake in the action

This factor requires consideration of "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *Truong Giang Corp. v. Twinstar*

*Tea Corp.*, 2007 WL 1545173, at *12 (N.D. Cal. 2007)." Courts have entered default judgments for amounts up to twelve million dollars. *Alabado v. French Concepts, Inc.*, 2016 WL 5929247 (C.D. Cal. 2016). In *Alabado*, this District awarded via default judgment more than twelve million dollars in total to eleven victims of human trafficking. *Id.* at 14-18. The total award was comprised of back wages as well as several million dollars in compensatory damages for labor violations and several million dollars in punitive damages for human trafficking. In *Philip Morris*, also in this District, the Court awarded as part of the default judgment the maximum amount of statutory damages in a trademark infringement case, which was two million dollars. *Philip Morris,* 219 F.R.D. at 500.

The amount of money sought here is not only reasonable in relation to Absent Defendants' conduct, but it flows from Absent Defendants' unlawful conduct. For years, Absent Defendants amassed money that should have been paid as wages to over one hundred employees who worked long hours in a factory cutting and packing raw chicken parts, profiting from their wage violations against the employees. Furthermore, Absent Defendants attempted to obscure the full extent of this wage theft through their blatant recordkeeping violations.

a.   <u>Absent Defendants must pay the back wages they withheld from their workers</u>

The Secretary seeks from Absent Defendants their share of the back wages owed. Under the FLSA, joint employers are jointly and severally liable for unpaid wages. *See, e.g., Scalia v. Emp. Sols. Staffing Grp., LLC*, 951 F.3d 1097 (9th Cir. 2020) (discussing joint and several liability). This Court has determined that Absent Defendants are liable as "employers" under the FLSA for back wages owed to employees on Amended Exhibit A to the FAC. Dkts. 178-179; Dkt. 219. Accordingly, this Court determined that the non-settling Defendants are jointly and severally liable for the full amounts owed to workers. Dkt. 207 (Request #7).

Collectively, all the Defendants (including the three bound by Consent Judgments) unlawfully failed to pay $621,237.98 in overtime back wages to their workers during the time period of October 31, 2015 to July 12, 2020.  Declaration of Sandra Goodman at ¶ 8 (hereinafter "Goodman Decl."). Of that amount, Defendants KP Poultry and Kevin Truong fully satisfied a judgment for $100,000 in back wages covering the period of 2015-2018, Dkt. 270, leaving $521,237.98 in overtime back wages due from the remaining Defendants, jointly and severally.[3]

Absent Defendants TL Foods and Lily "Mei" Tseng employed the workers on the Amended Exhibit A to the FAC for the entire time period of October 31, 2015- July 12, 2020; therefore, the Secretary seeks a judgment against these two Defendants for the full outstanding amount of $521,237.98 in back wages. *See* Goodman Decl. at ¶ 7; Dkt. 97 (FAC) at pp. 3, 11; Dkt. 71-1 at ¶ 12 (Declaration Investigator Cerda); Dkt. 71-6, pp. 4-6 (Tolling Agreement TL Foods and Tseng); Dkt. 178 (Summary Judgment Order); Dkt. 219 (Pretrial Order) at pp. 2-4.

Absent Defendants Jimmy Huynh and Express Poultry Services employed the workers only during the period of January 1, 2019, to July 12, 2020.  Dkt. 97 ¶ 6 (FAC); Dkt. 179 (Summary Judgment Order); Dkt. 226 at 3 (Pretrial Order). The Secretary seeks a judgment against Defendants Huynh and Express in the amount of the overtime back wages computed for that period only, which are $105,219.09. *See* Goodman Decl. at ¶ 8.

The Court also determined that, because Defendants failed to maintain accurate records of employees' hours and pay, the Secretary was permitted to prove the amount of improperly compensated work by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Dkt. 179 at ¶ 7 (citing *In re Perez*, 749 F.3d 849, 853 (9th

---

[3] On March 10, 2023, the Court entered a Consent Judgment as to Defendant Aiwa Tang-Ton for the amount of $331,518.33; $150,000.00 of that amount comprised back wages for unpaid overtime. Dkt. 273 at ¶ 7. It has not been satisfied yet.

Cir. 2014); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). The Secretary reconstructed the amount of unpaid overtime back wages due Defendants' employees by analyzing payroll records, receipts for cash wage payments, piece rate sheets, copies of canceled checks, and employee interviews. Goodman Decl. at ¶¶ 9-16.   As discussed *infra*, the Secretary was forced to reconstruct back wages because Defendants failed to keep accurate records of workers' hours or pay.   *See infra* Section C. The computed amount of unpaid back wages, therefore, is a "just and reasonable inference" based on a wealth of evidence from Defendants themselves and consistent worker testimony.   *Id.*; *see Mt. Clemens*, 328 U.S. at 687. It represents overtime wages that Defendants should have paid workers; it does not represent punitive damages or damages tangentially related to the harm that Defendants inflicted.

    b. <u>Absent Defendants must pay the statutorily required Liquidated Damages for FLSA violations</u>

  Liquidated damages are mandatory for overtime violations unless the employer can carry her burden of establishing that he subjectively and objectively acted in good faith when he failed to pay proper wages required by the FLSA. *See* 29 U.S.C. §§ 216, 260; *EEC v. First Citizens Bank*, 758 F.2d 397, 403 (9th Cir. 1985), *cert denied*, 474 U.S. 902, 106 S.Ct. 228 (1985).   Liquidated damages are an equal amount of the back wages due.   29 U.S.C. § 216(b).   FLSA liquidated damages are not penalties exacted by law but, rather, compensate employees for the delay in receiving the wages they are owed. *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583 (1942), *superseded by statute on other grounds as stated in Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 128 n.22 (1985). "Double damages are the norm, single damages the exception …" *Local 246 v. S. California Edison Co.,* 83 F.3d 292, 297 (9th Cir. 1996) (citing *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986)).

As noted, none of the Absent Defendants proved a good faith affirmative defense to liquidated damages, and the Court already determined that Absent Defendants Huynh and Express Poultry are liable for liquidated damages, Dkt. 179 at ¶ 8.

Consequently, the amount sought by Plaintiff is wholly reasonable in relation to Defendants' conduct as it is the direct result of Defendants' FLSA violations.

### 4.    Possibility of a dispute concerning material fact

Since all allegations in the complaint are taken as true after default is entered, no genuine issue of material fact exists.  *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).  Moreover, the Court has already found that Absent Defendants employed the workers on Exhibit A and violated the FLSA's recordkeeping and overtime provisions.  Dkt. 178, 179, 219. As discussed *supra* and *infra*, the amount of back wages was calculated using Defendants' own documents and statements, and employee interviews.  *See* Section C.  Defendant Lily Tseng has not attempted to defend herself in regard to the retaliation allegations against her in more than a year.

### 5.    Whether the default was due to excusable neglect

Here, default is not a result of excusable neglect because by the time that default was entered, Absent Defendants had made clear their intention to abandon their defenses. Defendants answered the Complaint or First Amended Complaint, participated in litigation through counsel. Dkt. 26, 133. In May and July 2021, their attorneys of record withdrew their representation. Dkt. 142, 146, 148, 152. Absent Defendants had failed to participate in the case for at least six months. Dkt. 208-2 at ¶¶ 4-5 (Parekh Declaration).  Moreover, since entry of default more than one year ago, Absent Defendants have not contested or attempted to cure the entry of default in any way.

### 6.     Policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits

While courts prefer to decide cases on their merits when reasonably possible, this preference is not dispositive and "does not preclude a court from granting default judgment." *PepsiCo, Inc. v. California Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002) (quoting Kloepping v. Fireman's Fund, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)).  Disposition of a case via default judgment "is allowed whenever a defendant fails to defend an action." *Id.*

Here, the Secretary welcomed the opportunity to prove her case in front of the trier of fact.  However, Absent Defendants' failure to participate in the litigation since mid-2021 has made a decision on the merits impossible. *See PepsiCo., Inc.,* 238 F.Supp.2d at 1177.

In sum, five of the six *Eitel* factors weigh in favor of default judgment, and the single factor which weighs against default judgment – the policy to dispose of cases on the merits – is rendered irrelevant since partial summary judgment has already been granted on most of the claims and due to the impossibility of deciding the case on the merits despite the Secretary's diligent efforts. Accordingly, default judgment is appropriate and necessary to effect a timely resolution of the Secretary's case, which was brought to uphold the rights of vulnerable low-wage workers.

### B.     Plaintiff has met the requirements of the Local Rules regarding default judgments

The Local Rules require Plaintiff to provide the following:
> (1) when and against which party default was entered; (2) the identification of the pleadings to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply;

and (5) that notice of the application has been served on the defaulting party, if required.

Fed. R. Civ. P. 55(b)(2); C.D. Cal. L.R. 55–1.

Plaintiff has met these requirements as follows.

1) Default was entered against these four Defendants on January 21, 2021.  Dkt. Nos. 215, 216.

2) Default was entered against these four Defendants in relation to the First Amended Complaint of Case No. 2:19-cv-03546-TJH-PLA. Dkt. 97.

3) The four Defendants are not infants or incompetent persons. Panaccione Decl. at ¶ 4.

4) The Soldiers' and Sailors' Civil Relief Act of 1940 does not apply.  Panaccione Declaration at ¶ 5.

5) Notice that Plaintiff would seek default judgment was sent to Defendants in 2021 (Dkt. 208-2) and notice of this application for default judgment will be served on the four Defendants at the time of filing.  Panaccione Declaration at ¶ 6.

## C.    The Court should determine the amount of back wages from the evidence because Plaintiff has satisfied the lenient standard for proving the amount of back wages owed

Plaintiff's burden to prove the judgment amount is "relatively lenient," and requires that the amount naturally flow from the injuries pled in the complaint. *Philip Morris,* 219 F.R.D at 498.  Courts routinely determine the amount of back wages owed employees under the FLSA when employer Defendants have failed to participate in the case.  *See, e.g., Ramirez v. TurfEvolutions,* 2016 WL 11746406, at *8 (C.D. Cal. Feb. 4, 2016) (default judgment decision awarding backpay under the FLSA); *Tran v. Companion Med Trans, LLC*, 2016 WL 8925146, at *7 (C.D. Cal. Jan. 25, 2016) (same; where "an approximate award based on reasonable inferences forms a satisfactory surrogate for unquantified and unrecorded actual

times, an approximated award is permissible") quoting *Alvarez v. IBP, Inc.*, 339 F.3d 894, 915–15 (9th Cir. 2003).   If courts were unwilling to do so, Plaintiffs who diligently pursue their cases and prove how much is owed would have no recourse or remedy for Defendants' harmful conduct.

Where Defendants violate the FLSA by failing to keep accurate records of hours and pay, the Secretary's burden to prove the amount of back wages owed requires only that she prove that the employees performed work for which they were improperly compensated and "produce[] some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" *Solis v. Best Miracle Corp.*, 709 F.Supp.2d 843 (C.D. Cal. 2010) (citing *McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946) (*superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972).  This Court has already determined this standard applies. Dkt. 179 at ¶ 7. In this situation, courts may rely on a reasonable reconstruction of back wages due.  *Mt. Clemens Pottery Co.*, 328 U.S. at 686-88.  This reconstruction need not be based on written, detailed records, since employees seldom keep those (and are not required to by law, as employers are).  *Id.* An employee's recollection of her hours and pay can be sufficient to meet this burden. *Martinez v. Alimentos Saludables Corp.*, No. 16-CV-1997, 2017 WL 5033650, at *12 (E.D.N.Y. Sept. 22, 2017); *Acosta v. DRF Hospitality Management*, No. CV18346DRHAKT, 2019 WL 1590931, at *10–12 (E.D.N.Y. Mar. 13, 2019), *report and recommendation adopted,* No. 18-CV-346 (DRH)(AKT), 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019).

Where Defendants fail to keep records and then default in the litigation, "plaintiff's recollection and estimates of the hours worked are presumed correct." *Searson v. Concord Mortgage Corp.,* No. 07-cv-3909, 2018 WL 1175065, at *4 (E.D.N.Y. Jan. 29, 2018).   In that case, Plaintiffs' original request for default

judgment as to the amount of back wages owed did not include sufficient documentation. *Id.* However, Plaintiffs cured the deficiency when they provided documentation as to the specific dates each plaintiff worked, each individual's regular and overtime rates of pay, and each individual's hours worked per workweek. *Id.* (Report and Recommendation adopted, 2018 WL 1175147 (E.D.N.Y. Mar. 5, 2018).

When reconstructing damages in the employment context, it is reasonable to use minimum wage as the estimated wage. *Loewe v. 811 Cristobal, Inc.,* 2020 WL 2374931 at *3 (C.D. Cal. Mar. 10, 2020) (citing *Doe v. G.M. Holdings, Inc.,* 2016 U.S. Dist. LEXIS 26817 (D. Md. Mar. 3, 2016)).

In *Acosta v. DRF Hospitality Management*, the Court granted back wages and liquidated damages as part of a default judgment based on the Wage and Hour Division Investigator's reconstruction of employees' wages and average hours worked per week. 2019 WL 1590931 (E.D.N.Y. March 13, 2019), report and recommendation adopted 2019 WL 1585225 (April 12, 2019). The Wage and Hour Investigator estimated the wages and hours from interviewing employees and from documents obtained during the investigation. *Id.* at *11-12. The Secretary here requests that this Court award liquidated damages in amounts equal to the back wages owed.

Here, regular rates, hours and back wages per work week were reconstructed by the Wage and Hour Division for a period of five years using Defendants' own records. Goodman Decl., Ex. A, B. An employee's regular rate is "the hourly rate actually paid the employee for the normal non-overtime workweek for which he is employed." *Walling v. Youngerman-Reynolds Hardwood Co., Inc.*, 325 U.S. 419, 424, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945); 29 CFR § 778.109. Wage and Hour Investigator Sandra Goodman details that the reconstructions were based on payroll records from the staffing company Defendants used, receipts for cash payments, piece rate sheets, copies of canceled

checks, and employee interviews. Goodman Decl. at ¶ 10. The reconstructed hours were consistent with what employees reported about their hours to the Wage and Hour Division when they were interviewed. *Id.* The reconstructed wage was minimum wage, which was consistent with employee interviews. *Id.* at ¶¶ 12-13. Moreover, on behalf of Express Poultry Services, Jimmy Huynh admitted that they based cutters and packers' wages off of minimum wage. Panaccione Decl., Exhibit A. The reconstruction was conservative in multiple ways. *Id.* at ¶ 13. This reconstruction was necessary because Defendants did not keep accurate records of employee hours, falsified employee hours, and paid employees partly in cash.

Accordingly, Plaintiff has satisfied her burden to "produce sufficient evidence to show the amount and extent of that work as a matter of a just and reasonable inference." *Mt. Clemens Pottery Co.*, 328 U.S. at 687.

Additionally, as discussed *supra* in Section II.A.3.b, liquidated damages are an equal amount of the back wages owed. 29 U.S.C. §§ 216. Defendants who violate the FLSA must pay liquidated damages unless good faith is demonstrated; no good faith has been shown here.

### D.     Post-Judgment Interest pursuant to 28 U.S.C. § 1961

Federal law permits post-judgment interest on money judgments. 28 U.S.C. § 1961(a); *DRF Hospitality Management,* 2019 WL 1585225 at *1 (E.D.N.Y. Apr. 12, 2019). Accordingly, the Secretary requests that this Court order post-judgment interest.

### III.     This Court should Enter a Prospective Injunction against Absent Defendants.

In conjunction with entering a Default Judgment, the Court should issue an injunction prohibiting Defendants from future violations of the FLSA. The FLSA expressly authorizes district courts to issue prospective injunctions against

statutory violations, 29 U.S.C. § 217, including the overtime and recordkeeping provisions. *Id.* §§ 207, 211, 215. The Ninth Circuit has recognized that prospective injunctions in FLSA cases promote the congressional policy "to abolish substandard labor conditions by preventing recurrences of violations in the future." *Brock v. Big Bear Mkt. No. 3*, 825 F.2d 1381, 1383 (9th Cir. 1987); *see also Metzler v. IBP, Inc.*, 127 F.3d 959, 963 (10th Cir. 1997). As such, prospective injunctions are an essential tool under the FLSA because they place the cost of compliance on the employer rather than the employee or the government. *Big Bear*, 825 F.2d at 1383. Indeed, such an injunction cannot be said to substantively burden employers because it simply "requires [them] to do what the Act requires anyway—to comply with the law." *Marshall v. Chala Enters., Inc.*, 645 F.2d 799, 804 (9th Cir. 1981) (citation omitted).  Further, withholding money due under an FLSA violation is considered "a continuing public offense."  *Wirtz v. Malthor, Inc.*, 391 F.2d 1, 3 (9th Cir. 1968).

In assessing whether prospective injunctive relief is warranted, courts "must weigh the finding of violations against factors that indicate a reasonable likelihood that the violations will not recur." *Big Bear*, 825 F.2d at 1383. A "pattern of repetitive violations or a finding of bad faith are factors weighing heavily in favor of granting a prospective injunction." *Id.* (citation omitted). Indeed, the Ninth Circuit has explained that finding a single violation of the FLSA is sufficient to support an injunction, given "the manifest difficulty of the Government's inspecting, investigating, and litigating every complaint of a violation." *Chala Enters.*, 645 F.2d at 804. Courts "must give substantial weight to the fact that the Secretary seeks to vindicate a public, not a private, right." *Id.* at 804 (citation omitted).

Here, as already shown, the record is replete with evidence of Defendants' ongoing labor violations over five years. It is clear on the undisputed record that Defendants engaged in daily, willful violations of the FLSA's requirements. There

are no mitigating factors that could justify the denial of an injunction. *See Solis v. Supporting Hands, LLC*, No. 11-0406, 2013 WL 1897822, at *25 (D.N.M. Apr. 30, 2013) (even where employer agreed to comply with FLSA, court found an injunction warranted where, among other things, employer refused to pay back wages). Instead, Defendants' history of "repetitive violations . . . weigh[s] 'heavily in favor of granting a prospective injunction.'" *Oak Grove*, 68 F. Supp. 3d at 1266 (quoting *Big Bear*, 825 F.2d at 1383)).

Accordingly, to protect workers and remedy Defendants' undisputed violations of the FLSA, the Secretary is immediately entitled to a prospective injunction requiring Defendants to comply with the law.

## IV.   CONCLUSION

For the reasons stated, the Secretary respectfully asks that this Court enter default judgments and prospective injunction against the four Absent Defendants Specifically default judgment should be entered against TL Foods, Inc. and Lily Tseng jointly and severally, for a total amount of $1,042,475.96 (comprising $521,237.98 in back wages and an equal amount in liquidated damages) for the period of October 31, 2015—July 12, 2020, to the employees and during the time periods shown in Exhibit 1 to the Proposed Judgment and Order. Default judgment should also be entered against Absent Defendants Express Poultry Services, Inc. and Jimmy Hyunh jointly and severally, for the total amount of $210,438.18 (comprising $105,219.09 in back wages and an equal amount in liquidated damages) for the period January 1, 2019—July 12, 2020, to the employees and during the time periods shown in Exhibit 2 to the Proposed Judgment and Order.

Respectfully submitted this 30th day of March 2023.

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

KATHERINE E. CAMERON
Associate Regional Solicitor

SONYA SHAO
Senior Trial Attorney

*/s/Kathryn A. Panaccione*
KATHRYN A. PANACCIONE
NISHA PAREKH
Trial Attorneys

*Attorneys for Plaintiff Julie Su,*
*United States Acting Secretary of*
*Labor*